IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**TIMOTHY WISE,**

        **Plaintiff,**

v.                                                                                            Civil Action No. 1:20-cv-00056

**C. MARUKA, et al.,**

        **Defendants.**

### DEFENDANTS' MOTION DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMAYR JUDGMENT

Come now the individual Defendants, by and through undersigned counsel, Matthew Lindsay, Assistant United States Attorney for the Southern District of West Virginia, and submit this Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

This action is brought as a civil rights action pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The Court states that it has construed Plaintiff's claims to be as follows: (1) Defendants Malone, Pilant, and Phillips have denied him access to the administrative remedy process; (2) Defendants have acted with deliberate indifference to his serious medical needs; (3) Defendants used excessive force when placing him in restraints; (4) Defendants have denied him dental care since his arrival at FCI McDowell; (5) Defendants have placed him in the Special Housing Unit ("SHU") in violation of his constitutional rights; (6) Defendants have opened his legal mail in violation of his constitutional rights and BOP policy; and (7) Defendants have denied him visitation from approved visitors in violation of his due process rights.[1] For the following reasons, as more fully discussed in the associated

---

[1] This synopsis of Plaintiff's Complaint applied to his initial filings at ECF No. 4 & 7. However, Plaintiff's Second Amended Complaint contains similar wording and allegations with the exception of adding specific allegations regarding Defendant's Munn and Marsh. See ECF No. 37.

Memorandum of Law, Plaintiff's claims should be dismissed.

1. Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA, 42 U.S.C. § 199.

2. Plaintiff failed to exhaust his claim of discrimination pursuant to 28 C.F.R § 39.170(d).

3. Plaintiff fails to state a cognizable claim under <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

4. Plaintiff has failed to plead a cause of action for any constitutional violation.

5. Plaintiff's complaint fails to comport with <u>Fed. R. Civ. P. 8</u>.

6. Plaintiff does not have a constitutional right to file administrative remedies.

7. Plaintiff fails to state a cognizable constitutional violation relating to his legal mail. Assuming the facts as plead to be true, plaintiff fails to articulate any injury suffered as result of allegations involving his legal mail.

8. Plaintiff fails to state cognizable claim for excessive force. Assuming the facts as plead to be true, plaintiff fails to demonstrate that the conduct alleged was malicious and sadistic. Moreover, assuming plaintiff's account is accurate, defendant Cook acted appropriately, exercising a degree of force necessary to maintain or restore discipline, while responding to a situation where an inmate was believed to be intoxicated.

9. Plaintiff does not maintain a liberty interest is avoiding confinement in administrative segregation.

10. Plaintiff has no constitutional right to prison visitation or telephone privileges.

11. Plaintiff has failed to articulate a viable constitutional violation for retaliation or conspiracy. Additionally, retaliation and conspiracy have not been recognized by the United States Supreme Court as valid <u>Bivens</u> claims.

12. Plaintiff fails to articulate a cognizable claim of discrimination. Plaintiff has not

plead facts or presented evidence that he was treated differently than other similarly situated inmates. Nor, has plaintiff alleged facts to demonstrate a discriminatory intent or purpose by any defendant.

13.     Plaintiff fails to articulate independent and personal action taken by numerous defendants that arise to a constitutional violations. Supervisory liability is not a viable <u>Bivens</u> claim.

14.     Plaintiff has named the defendants in their official capacities as employees of the Bureau of Prisons. Employees acting in their official capacities are not subject to <u>Bivens</u> liability.

15.     Plaintiff fails to articulate a viable claim for deliberate in difference to his medical needs. Even if the facts alleged were sufficient to support a claim of medical negligence against any defendant, negligence is not a viable <u>Bivens</u> claim.

16.     Defendants are entitled to qualified immunity.

WHEREFORE, for the reasons stated herein, as more fully presented in the associated memorandum of law, plaintiff's claims should be dismissed. In the alternative, Summary Judgment should be granted in favor of the defendants.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


s/Matthew C. Lindsay
Assistant United States Attorney
WV State Bar No. 7896
Counsel for United States
United States Attorney's Office
300 Virginia Street, E, Room 4000
Charleston, WV 25301
P: 304-345-2200  F: 304-347-5443
E: matthew.lindsay@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the foregoing *MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT* with supporting *MEMORANDUM OF LAW* with the Clerk of the Court using the CM/ECF system. I have served a true copy by U.S. mail to the following:

Timothy S. Wise
#03540-063
FCI McDowell
P O Box 1009
Welch, WV 24801

s/Matthew C. Lindsay
Assistant United States Attorney