```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

TIMOTHY WISE,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:20-00056

C. MARUKA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on January 5, 2021, in which he recommended denying plaintiff's motion for temporary restraining order (ECF No. 39); denying plaintiff's "Motion Requesting Censure and Monetary Award Against Defendants for Systemic Interference with Legal Mail" (ECF No. 41); and granting in part and denying in part[1]

---

[1] Because the PF&R does not accept <u>all of defendants' arguments</u>, it recommends granting defendants' motion "in part." Nevertheless, the PF&R recommends granting the motion as to <u>all of plaintiff's claims</u>, thereby resolving this case in its entirety. Accordingly, the court understands this recommendation as one simply to grant the defendants' motion.

defendants' motion to dismiss, or, in the alternative, for summary judgment (ECF No. 72). (ECF No. 87.)

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On January 19, 2021, plaintiff, acting pro se, filed a request for an extension of time to file objections to the PF&R. On February 19, 2021, the court granted plaintiff's motion and gave him until March 15, 2021, to file objections.  Plaintiff timely filed objections.

I.  **Background**

This is a Bivens action against numerous defendants, whom plaintiff alleges violated his rights while he was in federal custody.[2]  The PF&R contains a detailed description of the relevant facts and allegations, which the court will not repeat here.

On April 14, 2020, the Clerk docketed plaintiff's Second Amended Complaint, which is the operative complaint.  On April

---

[2] Plaintiff has since been released.  (See ECF No. 76.)

17, 2020, plaintiff filed a motion for a temporary restraining order.  On April 20, 2020, plaintiff filed a "Motion for Censure and Monetary Award Defendants for Systemic Interference with Legal Mail."  On July 1, 2020, defendants filed a motion to dismiss, or, in the alternative, for summary judgment.  The 60-page PF&R addresses these pending filings thoroughly.

## II. **Plaintiff's Objection**

Petitioner makes only one objection with specificity:  that the PF&R does not address his request for appointment of counsel.

## III. **Standard of Review of Pro Se Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Furthermore, de novo review is not required and is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also

United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

**IV. Discussion**

Under the case law cited in the previous section, plaintiff has made only one objection with the requisite specificity to warrant de novo review. He objects that the PF&R did not address his request for appointment of counsel.

4

Plaintiff does not identify when he made this request, or in which docket entry.

The court has searched the docket and has been unable to find a request for appointment of counsel; assuming that plaintiff made this request, however, the court will deny it. Plaintiff concedes that he has no right to appointed counsel in this civil case. "[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

The court finds no exceptional circumstances calling for the appointment of counsel in this case. See Martin v. ISS Facilities, No. 1:20-CV-00017-MR-WCM, 2020 WL 4938335, at *1 (W.D.N.C. Aug. 24, 2020) ("This is a relatively straightforward civil rights case that does not feature the type of complexity warranting the appointment of counsel."). Accordingly, the objection is **OVERRULED**, and plaintiff's request for appointment of counsel is **DENIED**.

The remainder of plaintiff's two-page objection document consists of (1) statements summarizing his claim and (2) conclusory statements disagreeing with the overall recommended disposition in the PF&R. Plaintiff says that "copious documents" in the record create triable issues of fact that "should be decided by a jury." (ECF No. 91, at 1-2.) He says that Magistrate Judge Aboulhosn has not given "Plaintiffs [sic]

documents, statements and affidavits' [sic] the due consideration afforded under the law" and "without justification has chosen to give credence only to what the Defendants have said and taken it on his own authority to decide matters in favor of Defendants despite dispute in matters of material fact."  (Id.)  Plaintiff further says that "Magistrate [Judge Aboulhosn] decided to try and have the case dismissed without further ado in direct contradiction of the law," and plaintiff asks this court to "remedy this injustice."  (Id. at 2.)

The court has reviewed the docket and the PF&R, and finds that plaintiff's criticism of the Magistrate Judge's discharge of his duty in this case to be completely meritless.  To the contrary, the record indicates that the Magistrate Judge has carefully considered the issues, been attentive to the arguments raised by both sides, and has reached the correct conclusion regarding the disposition of this case.  Because plaintiff's general disagreement with the proposed disposition of this case does not warrant de novo review, and because the record flatly contradicts plaintiff's suggestion that his claims were not appropriately evaluated, the court **OVERRULES** plaintiffs remaining objections.

## V. Conclusion

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and plaintiff's objections.  For

6

the reasons discussed above, plaintiff's objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Plaintiff's motion for a temporary restraining order (ECF No. 39) is **DENIED**;

2. Plaintiff's "Motion Requesting Censure and Monetary Award Against Defendants for Systemic Interference with Legal Mail" (ECF No. 41) is **DENIED** as moot;

3. Defendants' motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 72), is **GRANTED**;[3] and

4. The Clerk is directed to remove this case from the court's active docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 25th day of March, 2021.

ENTER:

David A. Faber
Senior United States District Judge

---

[3] The court adopts the PF&R's findings as to the arguments upon which this motion is (and the arguments upon which this motion is not) granted, but the court finds it more accurate to specify that the motion is "granted" (as opposed to "granted in part and denied in part"). The court appreciates the diligent attention to this case on the part of the Magistrate Judge, as is clear from the thoroughness of the 60-page PF&R.